

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TERRY STAMM | § | |
| and | § | |
| MICHAEL STAMM | § | |
| | § | |
| vs. | § | 1 01CV0117C |
| | § | |
| WAL-MART STORES, INC., | § | |
| WAL-MART STORES EAST, INC., and | § | |
| BINGHAM & BINGHAM ENTER., INC. | § | TAYLOR COUNTY, TEXAS |

IN THE 350th DISTRICT COURT

## NOTICE OF REMOVAL

TO:   TERRY & MICHAEL STAMM, Plaintiffs, through their attorney of record, Mr. Burt L. Burnett, PO Box 1521 Abilene, Texas 79604

Defendants, WAL-MART STORES, INC., and WAL-MART STORES EAST, INC. (collectively called "Wal-Mart" unless circumstances necessitate reference to only Wal-Mart Stores, Inc.), give notice to the plaintiffs, Terry and Michael Stamm (collectively called "Stamm"), of the removal of this cause of action, and show as follows:

1. Stamm sustained injuries on 2 April 1999 allegedly caused by the negligent acts or omissions of Wal-Mart, and Bingham & Bingham Enterprises, Inc. ("Bingham") (Exhibit D).[1]

---

[1] The Court may take judicial notice of the fact that the allegations against Wal-Mart were the subject matter of Civil Action 1:00-CV-202-C, which the Court dismissed without prejudice on 12

2. On the morning of 20 March 2001, Stamm filed an original petition, which stated claims against Wal-Mart Stores, Inc. and Bingham, with the clerk of the 350th District Court, Taylor County, Texas (Cause 6589-D) and asked the clerk to prepare citations for service upon Wal-Mart Stores, Inc. and Bingham (Exhibits A & B).

3. On the afternoon of 20 March 2001, Stamm filed an amended original petition, which stated claims against Wal-Mart and Bingham, with the clerk, who he asked to prepare citations for service upon the parties (Exhibit C); and Stamm apparently returned as "unserved" the citations concerning the original petition (Exhibit C).

4. A processor served the amended petition upon Wal-Mart on 3 April 2001; however, the clerk has no evidence showing that Stamm effected service upon Bingham (Exhibits A & E).

5. Wal-Mart answered (Exhibit F), and served its requests for disclosure upon Stamm, who answered those requests on 22 May 2001. The parties have yet to take further action in Cause 6589-D other than the filing of this notice.[2]

6. Wal-Mart ascertained, from Stamm's answers to its requests for disclosure, that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 (Exhibit G [3 @ ¶ d).

---

March 2001. *See In re Missionary Baptist Foundation, Inc.*, 712 F.2d 206, 211 (5th Cir.1983).

[2]Wal-Mart attached a copy of Plaintiffs' Answers to Defendant's Requests for Disclosure as Exhibit "D".

7. Wal-Mart maintains that the joinder of Bingham was fraudulent because of a failure to exercise due diligence in serving citation. The fact that Stamm has yet to serve Bingham does not provide a basis for removal unless Wal-Mart can show that the Court should not consider the citizenship of Bingham, a party who was not joined in good faith. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 539, 59 S.Ct. 347, 350 (1939). Wal-Mart maintains that the following facts demonstrate the absence of good faith:

a. The Court dismissed Civil Action 1:00-CV-202-C, an action that arose from a cause that Wal-Mart removed after Stamm filed suit in the 42nd District Court, Taylor County, Texas;

b. Less than one month after the Court rendered its dismissal order, Stamm filed a cause containing allegations that are virtually identical to those made in the prior suit;

c. Although Stamm made her allegations against Wal-Mart and Bingham, she failed to exercise due diligence in serving the enterprise before the expiration of limitations. *Cf. Taylor v. Thompson*, 4 S.W.2d 63, 65-66 (Tex. App.–Houston [1st Dist.] 1999, pet. denied) (noting that due diligence requires one to act as an ordinary prudent person would act under the same circumstances continuously from filing suit through the date of the service of citation).

d. As a result of Stamm's failure to exercise due diligence in the service of

citation, she may no longer maintain an action against Bingham in good faith. *Cf. Booth v. Malkan,* 858 S.W.2d 641, 643-44 (Tex. App.–Fort Worth 1993, writ denied) (approving of the imposition of sanctions against a party bringing suit after the expiration of limitations); *see also Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 69-70 (Tex. App.–El Paso 1994, writ denied).

Accordingly, Wal-Mart asks the Court to hold that Stamm fraudulently joined Bingham.

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00; and the controversy is between citizens of different states: Wal-Mart is a citizen of the State of Arkansas, which is the state of its incorporation and its principal offices; Stamm is a citizen of the State of Texas; and the Court may disregard the citizenship of Bingham, a Texas corporation, because Bingham is an improper party, who Stamm joined in a fraudulent attempt to defeat the diversity jurisdiction of this Court. *See Green v. Amerada Hass Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). Therefore, Wal-Mart maintains that the above-referenced cause is removable under the provisions of 28 U.S.C. § 1441 because original jurisdiction exists under the provisions of 28 U.S.C. § 1332.

9. After ascertaining that the amount in controversy, exclusive of interest and costs, exceeds $75,000, Wal-Mart timely filed this notice of removal and gave notice of such filing to Stamm and the District Clerk of Taylor County, Texas.

Premises considered, Wal-Mart prays for removal and asks, if necessary for the

rendition of an order authorizing the removal of 350th District Court Cause 6589-D, *Terry Stamm and Michael Stamm v. Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Bingham & Bingham Enterprises, Inc.*

 DATED 21 June 2001.

           CRAIG, TERRILL & HALE, L.L.P.
           P.O. Box 1979
           Lubbock, TX 79408-1979
           (806) 744-3232
           (806) 744-2211 (Fax)

           Robert L. Craig, Jr.  SBN 04987300
           H. Grady Terrill   SBN 19792300
           Gary Bellair    SBN 02104000

           ***Attorneys for Wal-Mart***

THE STATE OF TEXAS

COUNTY OF LUBBOCK

 H. Grady Terrill being duly sworn, stated upon his oath that he acquired the facts stated in this notice in his capacity as one of the attorneys for the Wal-Mart; that he read the foregoing notice of removal and determined that the facts stated in the notice are within his knowledge and that those facts are true and correct.

           H. Grady Terrill

SUBSCRIBED AND SWORN TO by H. Grady Terrill on 21 June 2001.



Notary Public, State of Texas

## CERTIFICATE OF SERVICE

On 21 June 2001, the undersigned certified serving this notice by mailing copies, via certified mail, return receipt requested, on the following:

Mr. Burt L. Burnett
Attorney at Law
P. O. Box 1521
Abilene, TX 79604

Ms. Patricia Henderson, District Clerk
Taylor County Courthouse
300 Oak Street
Abilene, TX 79602

*Of the Firm*